

**Tagged for Publication**

**ORDERED in the Southern District of Florida on January 04, 2011.**

_____
**John K. Olson, Judge
United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov**

**In re**:

**Brian & Lisa White,**

            Debtors.
_____/

Case No.: 10-32489-BKC-JKO

Chapter 7

**ORDER:
(1) Vacating Order Granting Motion For Disgorgement
of Fees and Imposition of Sanctions [ECF No. 41];
(2) Granting in-Part Motion for Disgorgement of Fees and Imposition
of Sanctions Against Stuart M. Golant, P.A. [ECF No. 32];
(3) Setting Show-Cause Hearing.**

      A hearing was conducted on November 30, 2010 regarding ECF No. 32, Trustee Kenneth Welt's Motion for Disgorgement of Fees and Imposition of Sanctions Against Stuart M. Golant, P.A. For the reasons stated on the record, Mr. Golant was directed to reimburse his clients for airfare and travel expenses which they incurred to attend their second and third 341 Meetings of Creditors.

On the record, Mr. Golant represented that he would make a $250.00 voluntary contribution to the Bankruptcy Bar Foundation for the benefit of *pro bono* legal services in this district. He also represented that he would reimburse the Trustee $250.00 for having to pursue this matter. The Trustee waived his $250.00 reimbursement and requested that Mr. Golant send that money to the Bankruptcy Bar Foundation as well.  Mr. Golant agreed in no uncertain terms that he would make a total of charitable contribution of $500.00 and reimburse his clients within seven days.

In light of the client reimbursement and the now $500.00 going to charity, I chose not to impose sanctions upon Mr. Golant.  The Trustee was directed to: (i) confer with Mr. Golant and his clients to determine the appropriate travel reimbursement for Mr. Golant's clients; (ii) incorporate that amount into a proposed order ruling upon ECF No. 32; and (iii) submit that proposed order to chambers.  Unfortunately, the proposed order which was signed and entered at ECF No. 41 explicitly ordered Mr. Golant to pay $500.00 to the Bankruptcy Bar Foundation.

**This court does not order attorneys to pay sanctions to the Bankruptcy Bar Foundation.**  Rather, attorneys often elect to make voluntary contributions *in lieu* of sanctions payable to the Clerk of Court for various reasons.  Judges in this district will allow and even encourage this practice under appropriate circumstances.  There is a <u>very</u> real difference between a charitable donation *in lieu* of sanction and a sanction payable to the Clerk of Court (*e.g.*, tax consequences, bar reporting requirements, appealability, etc.).  It is not appropriate for this court to enter such an order because the donations to the Bankruptcy Bar Foundation are truly voluntary. If an attorney believes he is not culpable for the sanctionable conduct, he should not elect to donate money to the BBF in lieu of sanction, but should wait for a sanctions order to be entered and appeal it.

Because the order at ECF No. 41 contained inappropriate language explicitly directing Mr. Golant to pay $500.00 to the Bankruptcy Bar Foundation, the order at **ECF No. 41** is

-3-

**VACATED**.  The motion at **ECF No. 32** is accordingly **GRANTED IN-PART**, and Stuart M Golant, Esq. is directed to reimburse his clients $1,600.00 and file a certificate of compliance.

Further, I will *sua sponte* conduct a show cause hearing to determine whether Mr. Golant made his $500.00 charitable contribution in accordance with his representation on the record. If it is determined that the contribution was not made, Mr. Golant will be expected to articulate cause why he should not be sanctioned both for: (i) the original negligence giving rise to the Trustee's motion and (ii) any misrepresentation to this court.  **Show cause hearing to be conducted February 1, 2011 at 10:00 AM in Courtroom 301, 299 East Broward Blvd., Fort Lauderdale, FL 33301.**

SO ORDERED.

# # #

Copies to:    All registered interested parties.